# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50512
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS BELLOC-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-436-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Belloc-Hernandez was convicted after a jury trial of being found unlawfully present in the United States following deportation. He argues that the district court abused its discretion when it permitted the Government to introduce into evidence documents from Belloc-Hernandez's alien file ("A-file"), which showed that Belloc-Hernandez lacked documentation to be present in this country.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50512

We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Ned*, 637 F.3d 562, 569 (5th Cir. 2011). Federal Rule of Evidence 803(6) creates an exception to the hearsay rule for a record kept in the course of a regularly conducted business activity, if, among other things, it was the regular practice of that business activity to make the record, "as shown by the testimony of the custodian or other qualified witness." FED. R. EVID. 803(6); *see also United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008).

Belloc-Hernandez argues that the Government's witness, Border Patrol Agent Petersen, was not the custodian of his A-file and was not an "other qualified witness." We have held that a qualified witness for purpose of Rule 803(6) is one who can explain the system of record keeping and vouch that the requirements of the Rule 803(6) are met; such a witness need not have personal knowledge of the record keeping practice or the circumstances under which the objected to records were kept. *United States v. Box*, 50 F.3d 345, 356 (5th Cir. 1995); *see also United States v. Iredia*, 866 F.2d 114, 119-20 (5th Cir. 1989).

Agent Petersen described the procedure for storing A-files at the El Paso facility and the authentication procedure for files that are reproduced. She also testified that Belloc-Hernandez's file had been made and preserved in the regular course of the agency's business and in accord with the agency's procedures. Although Petersen could not give the names of individuals at the El Paso facility who were "custodians" of Belloc-Hernandez's file while it was there, she nevertheless adequately explained the agency's record keeping system. *See Box*, 50 F.3d at 356. Thus, Belloc-Hernandez fails to show that the district court abused its discretion when it admitted documents from his A-file into evidence under Rule 803(6). *See Box,* 50 F.3d at 356; *Iredia*, 866 F.2d at 120.

No. 15-50512

AFFIRMED.